UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GUILLERMO VERA, | ) | Case No. 10cv1940-LAB (BLM) |
| | ) | |
| Petitioner, | ) | **ORDER DENYING PETITIONER'S** |
| v. | ) | **MOTION TO AMEND THE FINDINGS** |
| | ) | |
| DARRIL ADAMS, et al., | ) | [ECF No. 39] |
| | ) | |
| Respondent. | ) | |

On July 9, 2012, Petitioner filed a First Amended Petition for Writ of Habeas Corpus. ECF No. 10. On August 13, 2012, this Court filed an Order Requiring Response to the Petition ordering Respondent to file a motion to dismiss no later than October 1, 2012 or an answer no later than October 16, 2012. ECF No. 13 at 2-3. Respondent did not file a motion to dismiss on October 1, 2012 and on October 11, 2012, Respondent's counsel filed a motion for permission to file a late motion to dismiss and for an enlargement of time to file a response to Petitioner's petition for writ of habeas corpus. ECF No. 14. In support, counsel stated that she did not get assigned to this matter until October 10, 2012, nine-days after the deadline for filing a motion to dismiss and only six days before the deadline for filing an answer and that the delay in her case assignment was due to a serious accident resulting in the hospitalization of the paralegal charged with opening the case and assigning the matter to counsel. Id. at 3. On October 12, 2012, after finding good cause, the Court granted Respondent permission to file a late motion

to dismiss and reset the filing deadlines. ECF No. 15. Respondent was required to file a motion to dismiss or an answer no later than November 15, 2012, which he did. Id. at 2 and ECF No. 19.

On October 24, 2012, Petitioner filed a motion for entry of default claiming that his petition for writ of habeas corpus should be granted because Respondent "failed to answer or serve any defense." ECF No. 17. Petitioner's motion was denied in light of the Court's October 12, 2012 Order [ECF No. 15] granting Respondent additional time to file a response to Petitioner's petition. ECF No. 18.

On December 20, 2012, Petitioner filed a motion for sanctions. ECF No. 26. In support, Petitioner stated that Respondent failed to serve him with a copy of the motion to dismiss and that it was deliberately sent to another address or institution. Id. Petitioner claimed that Respondent's failure to serve him was a "maneuver of tactical advantage" and that as a result, his petition for writ of habeas corpus should be granted. Id. Petitioner's motion was denied. ECF No. 29.

On January 23, 2013, Petitioner filed a Motion to Amend the Findings pursuant to Federal Rule of Civil Procedure 60(b). ECF No. 39 at 2. While Petitioner's motion is difficult to interpret, it is clear that Petitioner argues that his petition for writ of habeas corpus should be granted and that an order should have been entered against Respondent for his failure to timely file a response. Id. The Court construes this document as a motion for reconsideration of the Court's order denying Petitioner's motion for entry of default [ECF No. 17]. The Court has reviewed Petitioner's arguments and **DENIES** the instant motion on the following grounds.

## Legal Standard

Pursuant to Local Rule 7.1(i)(1), a party may apply for reconsideration "[w]henever any motion or any application for any order or other relief has been made to any judge and has been refused in whole or in part...." S.D. Cal. Civ.L.R. 7.1(i)[1]. The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist,

---

[1] Federal Rules of Civil Procedure 59(e) and 60(b) do not dictate the standard for the instant motion for reconsideration. Rules 59(e) and 60(b) apply only to motions attacking final, appealable orders. United States v. Martin, 226 F.3d 1042, 1048, n.8 (9th Cir. 2000). Where reconsideration of a non-final order is sought, the district court has inherent jurisdiction to modify, alter, or revoke its earlier ruling. Id. at 1049.

or were not shown, upon such prior application." Id. Local Rule 7.1(i)(2) permits motions for reconsideration within "twenty-eight (28) days of the entry of the ruling."

### Discussion

Although Petitioner's motion for reconsideration was not made within twenty-eight days of the entry of ruling[2], the Court has reviewed Petitioner's motion. In his original motion for default judgment, Petitioner argued that his petition for writ of habeas corpus should be granted because Respondent "failed to answer or serve any defense." ECF No. 17. In its order denying the motion, the Court explained that after finding good cause, the Court granted Respondent permission to file a late motion to dismiss and reset the filing deadlines, and, therefore, Respondent did not fail to respond to Petitioner's petition. ECF No. 18. Later, in it's order denying Petitioner's motion for sanctions, the Court again explained that Respondent timely filed his response to Petitioner's petition on November 15, 2012. ECF No. 29.

Because Petitioner has not claimed that any "new or different facts and circumstances . . . exist which did not exist, or were not shown, upon [his] prior application" as required under S.D. Cal. Civ.L.R. 7.1(i), his motion for reconsideration of his motion for default judgment is **DENIED**.

**IT IS SO ORDERED**.

DATED: January 24, 2013

BARBARA L. MAJOR
United States Magistrate Judge

---

[2]The ruling on Petitioner's motion for entry of default judgment was on October 25, 2012, seventy days before Petitioner's filed his motion which is signed January 3, 2013. ECF Nos. 18 & 39.