# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GUILLERMO VERA,**<br><br>                               **Petitioner,**<br><br>vs.<br><br>**DARRIL ADAMS, et al.,**<br><br>                               **Respondents.** | Civil No.    10-1940 LAB (BLM)<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE:**<br><br>**(1)  GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS [ECF No. 10];**<br><br>**(2) DENYING MOTION TO AMEND THE FINDINGS [ECF No. 22];**<br><br>**(3) DENYING MOTION FOR PRELIMINARY INJUNCTION [ECF No. 35]; and**<br><br>**(4) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER [ECF No. 37]** |

## I.    INTRODUCTION

Petitioner Guillermo Vera, a state prisoner proceeding pro se and in forma pauperis with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenges a disciplinary proceeding in which he was found guilty of a rules violation and assessed loss of credits.[1]  Respondent has filed a Motion to Dismiss the petition, contending it violates Rule

---

[1] Page numbers for docketed materials cited in this Report and Recommendation refer to those imprinted by the Court's electronic case filing system.

2(c) of the Rules Following 28 U.S.C. § 2254, is untimely, is procedurally defaulted, and is unexhausted. (Mem. of P. & A. Supp. Answer at 2-11, ECF No. 19.) Vera filed an Opposition to Respondent's Motion to Dismiss on March 22, 2013 [ECF No. 44].

The Court has reviewed the pertinent portions of the record and has considered the legal arguments presented by both parties. For the reasons discussed below, it is recommended that the Motion to Dismiss the Petition be **GRANTED** in part and **DENIED** in part.

Petitioner Vera has also filed a Motion to Amend Findings, a Motion for Preliminary Injunction, and a Motion for a Temporary Restraining Order. (See ECF Nos. 22, 35, 37.) For the reasons discussed below, the Court recommends those motions be **DENIED**.

## II.   PROCEDURAL BACKGROUND

It is not entirely clear what disciplinary proceeding Vera is challenging. He does not clearly identify a disciplinary proceeding he is challenging in his petition, and he has submitted a large number of documents pertaining to different proceedings. The Court agrees with Respondent, however, that Vera appears to be challenging an October 24, 2003, rules violation report for battery on a peace officer. (Pet. at 51, ECF No. 10.)[2] Immediately following the October 24, 2003, incident, Vera was placed in administrative segregation. (Id. at 57.) He postponed his initial hearing date on the rules violation report because the matter had been referred to the District Attorney's Office for possible prosecution. (Id.) On February 2, 2004, the District Attorney's Office rejected the matter for prosecution, and the hearing on the rules violation report took place on February 28, 2004; Vera was assessed 150 days forfeiture of credits. (Id. at 57, 145.) On April 15, 2004, Vera was given a secure housing unit (SHU) term of 12 months and was recommended for a transfer to the SHU at either California Correctional Institution or California State Prison, Corcoran. (Id. at 57.) That recommendation was later rescinded because Vera's minimum eligible release date was too short to allow the transfer. (Id. at 52.)

---

[2] Indeed, this is the only instance identified in the documents supplied by Vera in which he suffered a loss of credits, and which could therefore form the basis for a habeas corpus petition. See 28 U.S.C. 2254(a); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

According to documents Vera has submitted, he asked for an extension of time to appeal the hearing decision on April 22, 2004, and again on May 6, 2004. (Id. at 27, 62-63.) According to an undated handwritten note on a document entitled "Translation of Inmate Request for Interview dated May 6, 2004," Vera was told by prison officials the rules violation report was being processed and he could not appeal until he received a copy of the decision. He would then have 15 days in which to appeal the findings. (Id. at 27.) According to another handwritten note on that document dated May 26, 2004, Vera had received a copy of the decision on April 5, 2004. (Id. at 27.)

On July 21, 2004, Vera requested, via a 602 form, that the October 24, 2003, rules violation report be dismissed and that he be released from the SHU. (Id. at 47, 49.) On July 27, 2004, Vera sent an inquiry about a May 6, 2004, appeal of the October 24, 2003, rules violation report. (Id. at 50.) He then received four letters dated August 3, 2004, from the appeals coordinator. Three of the letters informed Vera his appeal had been "screened out" for various procedural deficiencies. (Id. at 45, 46, 48.) One letter was an "appeal abuse notice." (Id. at 44.)

On August 29, 2004, Vera again submitted a "602 Appeal Notice," which was returned to him because he did not specify what log number he was referring to. (Id. at 43.) Vera next filed an appeal on January 18, 2005. (Id. at 31-36.) On February 16, 2005, Vera received a letter from the appeal coordinator, regarding "screening at the second level." (Id. at 28.) The letter informed Vera there had been too great a time lapse between the hearing and his appeal. He received another letter on June 8, 2005, telling him his appeal had been referred to a staff member for review, although it is not clear from the document whether the letter refers to an appeal of the October 24, 2003, rules violation. (Id. at 23.)[3]

Beginning in 2005, Vera began filing habeas corpus petitions in state court challenging his disciplinary hearing. Vera filed a habeas corpus petition in the Monterey County Superior Court, which was denied in a written, unpublished opinion. (Lodgment Nos. 2-3.) Vera next

---

[3] Vera has submitted 97 pages of additional documents in his Traverse. A close review of those records, however, reveals they relate to health care confiscation of property appeals, not the October 24, 2003, rules violation report that is the subject of Vera's petition.

filed a habeas corpus petition the California Court of Appeal. (Lodgment No. 4.) The court of appeal denied the petition without citation of authority. (Lodgment No. 5.) Vera filed a petition for review in the California Supreme Court, which that court denied citing <u>In re Robbins</u>, 19 Cal. 4th 770, 780 (1998) and <u>In re Dexter</u>, 25 Cal. 3d 921 (1979). (Lodgment Nos. 6-7.)

On September 16, 2010, Vera filed a document entitled "Application for Extension of Time" in this Court. The matter was given case number 10cv1940 LAB (BLM). (ECF No. 1.) On September 21, 2010, this Court issued an Order informing Vera that it was without jurisdiction to extend AEDPA's statute of limitations and further informing him that he had "not filed a Petition for writ of habeas corpus in this action." (<u>See</u> Order dated September 21, 2010, ECF No. 2.) Thereafter, Vera filed two "Motions to Amend the Findings," which were denied. (ECF Nos. 3-7.) Vera was again informed that he had not initiated habeas proceedings, and that the timeliness of his petition would be adjudicated once he had done so.

On July 6, 2012, Vera filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a motion to proceed in form pauperis. (ECF No. 10.) The motion was granted, and an order setting a briefing schedule was issued. (ECF Nos. 12-13.) Respondent filed a Motion to Dismiss on November 15, 2012. (ECF No. 19.) Vera then filed another Motion to Amend the Findings, a Motion for a Preliminary Injunction, and a Motion for a Temporary Restraining Order. (ECF Nos. 22, 35, 37.) He filed an Opposition to the Motion to Dismiss on March 22, 2013. (ECF No. 44.)

**II. DISCUSSION**

In his Petition, Vera contends he was denied his due process rights during the adjudication of the October 24, 2003, serious rules violation report. Specifically, he claims false accusations were made against him, prison authorities refused to adjudicate his appeals, he was not afforded contact with consular officials, and the hearing officer excluded

evidence at the hearing. (Pet. at 6-8, ECF No. 10; Traverse at 1-2, ECF No. 44.)[4] Respondent contends the petition is untimely, procedurally defaulted, and unexhausted. (Mot. to Dismiss at 9-16, ECF No. 19.)[5]

A. Timeliness

AEDPA's one-year statute of limitations, as codified in 28 U.S.C. § 2254(d)(1), applies to a petition challenging a prison disciplinary proceeding. Mardesich v. Cate, 668 F.3d 1164, 1171-72 (9th Cir. 2012); Shelby v. Barlett, 391 F.3d 1061, 1063 (9th Cir. 2004). The Ninth Circuit has held that "when a habeas petitioner challenges an administrative decision affecting the 'fact or duration of his confinement,' AEDPA's one year statute of limitations runs from when the 'factual predicate' of the habeas claims 'could have been discovered through the exercise of due diligence.'" Mardesich, 668 F.3d at 1172 (quoting 28 U.S.C. § 2244(d)(1)(D).) "As a general rule, the state agency's denial of an administrative appeal is the 'factual predicate' for such habeas claims." Id. (citing Shelby, 391 F.3d at 1066); see also Redd v. McGrath, 343 F.3d 1077, 1085 (9th Cir. 2003).)

As Respondent notes, even if the Court were to use the latest possible date, the June 8, 2005, appeal screening letter which is the last letter Vera received relating to the October 24, 2003 rules violation report, his habeas corpus petition would be untimely. Assuming Vera's statute of limitations began on June 8, 2005, he had until June 8, 2006, to file his federal habeas corpus petition. See 28 U.S.C. § 2244(d). He did not do so until July 9, 2012. Accordingly, Vera's petition is untimely unless he is entitled to sufficient statutory or equitable tolling to make it timely.

---

[4] Vera also alleges prison officials seized his legal materials, including a petition, which prevented him from timely filing a habeas corpus petition in the United States District Court for the Eastern District of California. (Pet. at 8, ECF No. 10.) He gives a case number of 07-70241. (Id.) According to the United States Court of Appeals for the Ninth Circuit's web page, that case number refers to an application for leave to file a second or successive 28 U.S.C. § 2254 habeas corpus petition which Vera filed in the Ninth Circuit on January 20, 2007.(See https://ecf.ca9.uscourts.gov/cmecf/servlet/TransportRoom?servlet=CaseSummary.jsp?caseNum= 07-70241&dktType=dktPublic&incOrigDkt=Y&incDktEntries=Y.) The request was denied on March 21, 2007. (Id.)

[5] Because the Court has concluded the petition is untimely, it declines to address Respondent's argument that the petition violates Rule 2(c).

i. <u>Statutory Tolling</u>

The one-year statute of limitations of 28 U.S.C. § 2244(d) is subject to statutory tolling for the time during which a properly filed state post-conviction or other collateral review is pending. <u>Id.</u> Respondent contends Vera constructively filed his first state habeas corpus petition in Monterey Superior Court on December 15, 2005, presumably using the earliest date noted on the letter directed to the court clerk asking for the state habeas petition to be filed. (Mem. of P. & A. Supp. Mot. to Dismiss at 11, ECF No, 19; Lodgment No. 2 at 2.) Vera signed the petition, however, on October 19, 2005. (Lodgment No. 2 at 8.) In an abundance of caution, the Court will use the date the petition was signed to calculate the statute of limitations. <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988); <u>Anthony v. Cambra</u>, 236 F.3d 568, 575 (9th Cir. 2000) (holding that a petition is deemed filed when it is handed to prison authorities for filing).

By October 19, 2005, 143 days had passed, and there were 222 days remaining in Vera's 365-day statute of limitations. The statute was tolled while his state habeas corpus petition was pending in Monterey Superior Court. 28 U.S.C. § 2244(d)(2). The state court denied his petition on June 21, 2006. The statute began running again the next day, June 22, 2006, and expired 222 days later on January 20, 2007. <u>Id.</u> Vera did not file his next state habeas corpus petition in the California Court of Appeal until November 26, 2008 — 676 days after the statute of limitations expired.[6] Thus, Vera is not entitled to any further statutory tolling unless he is entitled to "gap tolling," that is, the period <u>between</u> the denial of his Monterey County Superior Court habeas corpus petition and the filing of his habeas corpus petition in the California Court of Appeal.

The Supreme Court has stated that "an application is pending as long as the ordinary state collateral review process is 'in continuance' – i.e., 'until the completion of' that process." <u>Carey v. Saffold</u>, 536 U.S. 214, 219-20 (2002). "Gap tolling" refers to the time

---

[6] The Court cannot locate the filing date used by Respondent, November 26, 2008, in either the habeas corpus petition itself or in the Order denying the petition. The petition was filed on December 2, 2008, and there is no date next to the signature line on the petition itself. (<u>See</u> Lodgment No. 4.) Nevertheless, in an abundance of caution, the Court will use the November 26, 2008, date for purposes of calculating the statute of limitations.

1  during which a petition is being considered by a state court and, generally speaking, is the
2  time between filings, unless the petitions filed in the state courts were untimely.  See Stancle
3  v. Clay, 692 F.3d 948, 953 (9th Cir. 2012) (discussing tolling in the context of two successive
4  state superior court filings); see also Evans v. Chavis, 546 U.S. 189, 199-200 (2006).
5  California does not have a bright-line rule regarding timeliness, and neither Saffold nor Evans
6  sets one.  The Supreme Court has, however, developed some guidelines for this Court to
7  consider in determining whether a petitioner's state petitions were timely.

8        Addressing California's unique system of collateral review, the Supreme Court held
9  in Evans that in the absence of a defined time limit for determining whether a state court
10  filing is timely, a federal court must decide on a case-by-case basis whether a state court
11  petition was filed within a reasonable time.  In so doing, the court must keep in mind that
12  the tolling provision of 28 U.S.C. § 2254(d)(2) applies to the period of time between state
13  court filings "on the assumption that California law in this respect [does] not differ
14  significantly from the laws of other States," which the Court defined as "30 to 60 days."
15  Evans, 546 U.S. at 199-201 (citing Saffold, 536 U.S. at 222-23).

16        As Respondent correctly argues, Vera is not entitled to gap tolling for the 888-day
17  period between the denial of his Monterey County Superior Court habeas petition and the
18  filing of his habeas corpus petition in the California Court of Appeal.  To determine whether
19  a petition is filed within a reasonable time, "[u]nder California law, a petitioner must provide
20  an explanation for any significant delay in applying for habeas relief."  Maxwell v. Roe, 628
21  F.3d 486, 496 (9th Cir. 2010) (citing In re Clark, 5 Cal. 3d 750, 765 (1993)).  Evans suggests
22  that anything up to a 60-day delay between filings is reasonable since most states provide
23  for a 30 to 60 day window for filing appeals.  Evans, 546 U.S. at 200-01.  Under any
24  measure, an 888 delay is unreasonable.  Indeed, delays on the order of 100 days or more
25  have been found "significant" and "unreasonable" by the Ninth Circuit.  See Banjo v. Ayers,
26  614 F.3d 964, 970 (9th Cir. 2010) (stating that delay of 146 days was not justified when
27  evidence should have been discovered earlier); Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th
28  Cir. 2010) (holding that unexplained delays of 101 and 115 days were not justified).

Moreover, like the six-month delay found to be unreasonable in <u>Evans</u>, Vera's delay is unexplained. The only justification Vera provides is his claim that his <u>federal</u> habeas corpus petition was seized by prison authorities in September of 2009, and not returned until July of 2012. (Traverse at 3, ECF No. 44.) Thus, the evidence presented by Vera is insufficient to establish that the 888-day gap between the denial of his habeas corpus petition by the Monterey Superior Court and the filing of his petition in the California Court of Appeal was reasonable and does not constitute significant delay. Accordingly, the Court concludes Vera had no state court petition "pending" between the Monterey Superior Court denial and the filing of his habeas corpus petition in the California Court of Appeal, and he is therefore not entitled to "gap tolling."

      ii. <u>Equitable Tolling</u>

AEDPA's statute of limitations is subject to equitable tolling. <u>Holland v. Florida</u>, 530 U.S. __, __, 130 S. Ct. 2549, 2562 (2010). "To be entitled to equitable tolling, [Petitioner] must show, '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented him from filing." <u>Lawrence v. Florida</u>, 549 U.S. 327, 336 (2007) (quoting <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005).) Equitable tolling is unavailable in most cases, and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." <u>Miranda v. Castro</u>, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting <u>United States v. Marcello</u>, 212 F.3d 1005, 1010 (7th Cir. 2000) (alteration in original).

Although Respondent notes Vera claims he is entitled to equitable tolling, as the Court reads his petition, Vera is simply alerting this Court to the circumstances under which equitable tolling should be considered:

> A court should consider whether to grant equitable tolling when petitioner is proceeding pr se, has little education, or is illiterate; the claim is novel or the statute in question is new; Petitioner's mental incompetence or placement in administrative segregation can justify the grant of equitable tolling, lack of access to legal materials is grounds for relief.

(Pet. at 8.)

/ / /

Vera provides no specific factual support for how he suffers from any of these impediments, much less how any of them rendered it impossible for him to file his petitions in a timely manner. In his Traverse, Vera similarly cites many cases in which courts have found petitioners to be entitled to equitable tolling, but he cites no specific facts as why <u>he</u> is entitled to it. (<u>See</u> Traverse at 5-7, ECF No. 44.) He has provided no evidence he has been pursuing his rights diligently, and, indeed, has provided no explanation for the 888-day delay between the denial of his state habeas petition by the Monterey Superior Court and his filing of a state habeas petition in the California Court of Appeal. Nor has he cited any "'extraordinary circumstance [that] stood in his way and prevented him from filing.'" <u>Lawrence</u>, 549 U.S. at 336. Accordingly, the Court cannot conclude that Vera is entitled to any equitable tolling.

### iii. The Petition is Untimely

Vera's one-year statute of limitations began running on June 8, 2005, and did not stop until October 19, 2005, when he filed his first state habeas petition in Monterey Superior Court. By that time, 143 days of the 365 days had passed, and 222 days of the statute remained. Vera's superior court petition was denied on June 21, 2006, and the statute of limitations began running the next day, June 22, 2006; it expired 222 days later on January 30, 2007. Vera's next state habeas filing did not occur until November 26, 2008, and he is not entitled to any "gap tolling" for the period between the denial of his superior court habeas corpus petition and the filing of his habeas corpus petition in the California appellate court. He did not file his federal habeas corpus petition in this case until July 9, 2012, nearly 2000 days later.[7] His petition in this Court is untimely, and the Court **RECOMMENDS** the Motion to Dismiss be **GRANTED** on that ground.

### B. Procedural Default

Respondent contends Vera's petition is procedurally defaulted because the California Supreme Court denied his habeas corpus petition by citing <u>In re Robbins</u>, 18 Cal. 4th 770,

---

[7] The Court notes that even if his "Application for Extension of Time," filed in this Court on September 16, 2010, were to be construed as a habeas corpus petition, it, too, would be untimely.

780 (1998) and In re Dexter, 25 Cal. 3d 921 (1979). (See Lodgment No. 7; Mem. of P. & A. Supp. Mot. to Dismiss at 14-16, ECF No. 19.)

Procedural default is an affirmative defense, and Respondent must first "adequately [plead] the existence of an independent and adequate state procedural ground . . . ." Bennett v. Mueller, 322 F.3d 573, 586 (9th Cir. 2003). In order to place the defense at issue, Vera must then "assert[] specific factual allegations that demonstrate the inadequacy of the state procedure . . . ." Id. The "ultimate burden" of proving procedural default, however, belongs to the state. Id. If the state meets its burden under Bennett, federal review of the claim is foreclosed unless Vera can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

A state procedural rule is "independent" if the state law basis for the decision is not interwoven with federal law. Michigan v. Long, 463 U.S. 1032, 1040-41 (1983); Harris v. Reed, 489 U.S. 255, 265 (1989). A ground is "interwoven" with federal law if the state has made application of the procedural bar dependent on an antecedent ruling on federal law such as the determination of whether federal constitutional error has been committed. See Ake v. Oklahoma, 470 U.S. 68, 75 (1985). "To qualify as an 'adequate' procedural ground, a state rule must be 'firmly established and regularly followed'." Walker v. Martin, 562 U.S. __, 131 S. Ct. 1120, 1127-28 (2011) (quoting Beard v. Kindler, 558 U.S. 53, 61 (2009).) The United States Supreme Court has concluded that the untimeliness rule of Robbins is an independent and adequate state procedural rule. Id. at 1128-30.

Respondent argues the state court's citation to In re Dexter, 25 Cal. 3d 921 (1979) is also an independent and adequate state procedural bar. Dexter stands for the proposition that a prisoner must exhaust his administrative remedies before filing a habeas corpus petition in state court. See In re Jackson, 39 Cal. 3d 464, 468 (1985); In re Estevez, 165 Cal. App. 4th 1445, 1457 (2008) (stating that prisoners are required to exhaust their administrative remedies before bringing a grievance to state court); Wright v. State, 122 Cal.

App. 4th 659, 665 (2004) (stating that "[u]nder state law, exhaustion of the administrative remedy is a jurisdictional prerequisite to the courts") (internal quotation marks omitted). It is not clear, however, that a citation to Dexter precludes a petitioner from presenting his claims in a subsequent petition once he has exhausted his administrative remedies and therefore stands as a procedural bar to Vera's claims. While the Court has been unable to locate any published Ninth Circuit cases on the issue, at least one California district court has concluded that a citation to Dexter is not sufficient to render a claim procedurally barred, see Conner v. Lewis, 2013 WL 557179 (N.D. Cal. 2013), and at least three decisions from the Eastern District of California have concluded Dexter is an independent and adequate state procedural bar. Patterson v. Mendoza-Powers, 2009 WL 277502 (E.D. Cal. 2009); Parks v. Sullivan, 2008 WL 3409909 (E.D. Cal. 2008); McCullock v. Woodford, 2007 WL 2318105 (E.D. 2007). Other cases have concluded the citation is simply "an indication that the claim is unexhausted." Davis v. Swarthout, 2012 WL 244211 (E. D. Cal. 2012); McCann v. Hill, 2011 WL 6750056 (E. D. Cal. 2011).

The California Supreme Court's citation to Dexter indicates Vera's claims were not exhausted administratively, but that he would not be precluded from resubmitting them once they are exhausted. The citation to Robbins, however, indicates that were the claims to be resubmitted, they would be untimely. In addition, it is unclear whether a citation to Dexter is an independent and adequate state procedural ground upon which the petition was denied, or whether it is simply an indication that the claims are unexhausted.

When a court does not specify which procedural rule it is applying to which claim(s), the order is ambiguous. Calderon v. United States Dist. Ct. for the Eastern Dist. of Cal., 96 F.3d 1126, 1131 (9th Cir. 1996). "[A] procedural default based on an ambiguous order that does not clearly rest on independent and adequate state grounds is not sufficient to preclude federal collateral review." Id. (quoting Morales v. Calderon, 85 F.3d 1387, 1392 (9th Cir. 1996)). Under these circumstances, the Court cannot conclude Respondent has met his burden under Bennett. Bennett, 322 F.3d at 586. Thus, the Court **RECOMMENDS** the Motion to Dismiss be **DENIED** on the ground that Vera's claims are procedurally defaulted.

C. <u>Exhaustion</u>

Finally, Respondent contends Vera's claims are unexhausted. (Mem. of P. & A. Supp. Mot. to Dismiss at 16-17, ECF No. 19.) Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); <u>Granberry v. Greer</u>, 481 U.S. 129, 133-34 (1987). Ordinarily, to satisfy the exhaustion requirement, a petitioner must "'fairly present[]' his federal claim to the highest state court with jurisdiction to consider it, or . . . demonstrate[] that no state remedy remains available." <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted).

Again, neither the Court nor Respondent has located any published Ninth Circuit cases on the question whether a <u>Dexter</u> citation means the claims are unexhausted in federal court. As Respondent correctly argues, several unpublished district court cases have so concluded, specifically that the California Supreme Court's citation to <u>Dexter</u> means the court has not addressed the claim or claims on the merits because they have not been administratively exhausted, and therefore the court has not had a "fair opportunity" to rule on the merits of the claim. <u>See</u>, <u>e.g.</u>, <u>Davis</u>, 2012 WL 244211 (E.D. Cal. 2012); <u>McCann</u>, 2011 WL 6750056 (E.D. Cal. 2011); <u>Gaston v. Harrington</u>, 2009 WL 3627931 (E.D. Cal. 2009); <u>Rodriguez v. Yates</u>, 2009 WL 3126317 (E.D. Cal. 2009). It is clear, however, that were Vera to administratively exhaust his claims and return to the California Supreme Court with a habeas corpus petition the state court would deny it as untimely. <u>See</u> <u>Robbins</u>, 18 Cal. 4th at 814-15. Indeed, the state court has already deemed Vera's claims to be untimely. In cases like Vera's, the Ninth Circuit has held such claims are "technically exhausted," but procedurally defaulted if the procedural rule that would be imposed is independent and adequate. <u>Cooper v. Neven</u>, 641 F.3d 322, 327 (9th Cir. 2011). As discussed above, the United States Supreme Court found California's timeliness rule independent and adequate in <u>Walker</u>, 562 U.S. __, 131 S. Ct. at 1128. Thus, the claims are procedurally defaulted unless Vera has established cause for the default and prejudice resulting from it, or

1    / / /

2    that "failure to consider the claims will result in a fundamental miscarriage of justice."
3    Coleman, 501 U.S. at 750.

4    Cause is satisfied if Vera can demonstrate some "objective factor" that precluded him
5    from raising his claims in state court, such as interference by state officials or constitutionally
6    ineffective counsel. McClesky, 499 U.S. 467, 493-94 (1991). The reason Vera was unable
7    to raise his claims in state court in a timely manner is that he failed to administratively
8    exhaust them. Thus, he has not established cause for his default. McClesky, 499 U.S. at
9    493-94.

10   "Prejudice [sufficient to excuse procedurally barred claims] is actual harm resulting
11   from the alleged error." Vickers v. Stewart, 144 F.3d 613, 617 (9th Cir. 1998). Vera has not
12   shown he suffered any prejudice from the state court's refusal to address the merits of his
13   unexhausted claims. None of the documents Vera has provided to the Court establish he
14   was denied his due process rights at the hearing on rules violation report.

15   Finally, Vera has not demonstrated that failure to consider the claims will result in a
16   fundamental miscarriage of justice. See Coleman, 501 U.S. at 750. The Supreme Court has
17   limited the "miscarriage of justice" exception to petitioners who can show that "a
18   constitutional violation has probably resulted in the conviction of one who is actually
19   innocent." Schlup v. Delo, 513 U.S. 298, 327 (1995). "Actual innocence" means factual
20   innocence, not simply legal insufficiency; a mere showing of reasonable doubt is not enough.
21   See Wood v. Hall, 130 F.3d 373, 379 (9th Cir. 1997). Vera has not presented any evidence
22   sufficient to establish he is actually and factually innocent of the rules violation report.

23   In accordance with the above-discussion and pursuant to Cooper, 641 F.3d at 327,
24   the Court finds that Vera's claims are "technically exhausted" and therefore **RECOMMENDS**
25   the Motion to Dismiss the Petition on the ground that it is unexhausted be **DENIED**.[8]

---

26   [8] As Cooper, 641 F.3d at 327, and the analysis in this section establish, Plaintiff's claim is technically exhausted but procedurally defaulted pursuant to Robbins, 18 Cal. 4th at 780. However,
27   as discussed in the prior section, the Court cannot recommend dismissal on procedural default grounds because the California Supreme Court cited two cases in support of its denial; one of which
28   does not clearly support a procedural bar. Accordingly, this Court recommends that the Motion to

### D. Motion to Amend Findings

On November 19, 2012, Vera filed a document entitled "Motion to Amend Findings Opposition." (See ECF No. 22.) In the motion, Vera states as follows:

> Petitioner hereby moves the Court for an Order that may be adjudged against Respondent in favor of Petitioner.
>
> I've received both motions doc. 14, 15, on about 26 Oct. 2012 on a maneuver of tactical advantage FRCP 6, 60(b), by A.G.
>
> Furthermore, doc. 14 cannot be extended of time FRAP 26(b), 27(b). The motion is unfounded FRAP 30(e), Evidence Code 401, 2254(c)7. Plus the designated person of the Petition responder was not a paralegal is not made a party to this action because he/she is not subject to the jurisdiction of the Court. See doc 12, FRCP 56(g).
>
> Matthew Cate who responded in the name of Connie Gipson/Kathy Allison FRCP 11(d), 52
>
> Wherefore for the above stated reasons, the relief sought in the petition should be granted FRCP 57(a)(2)(e).

(Pet'rs Mot. to Amend at 1, ECF No. 22.)

Vera appears to be objecting to Respondent's Motion for Leave to File a Late Motion to Dismiss (ECF No. 14), which the Court granted (ECF No. 15). Respondent asked for permission to file a late motion to dismiss because the file had not been properly opened. (ECF No. 14 at 3-4.) The Court granted Respondent until November 15, 2012, to file a motion to dismiss, and gave Vera a new date upon which to file his opposition to the motion, December 17, 2012. (ECF No. 15 at 1-3.) This was well within the Court's discretion, and Vera makes no reliable allegations as to how such an Order prejudiced him. Accordingly, the Court **RECOMMENDS** the motion to amend the findings (ECF No. 22) be **DENIED**.

### E. Motion for Temporary Restraining Order

On January 2, 2013, Vera filed a motion for a temporary restraining order. (ECF No. 37.) The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment. Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984). Under Federal Rule of Civil

Dismiss the Petition be granted solely on the grounds that it is untimely under AEDPA.

Procedure 65, a temporary restraining order may be granted "only if (1) it clearly appears from the specific facts shown . . . that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition." FED. R. CIV. P. 65(b). A plaintiff must do more than merely allege imminent harm sufficient to establish standing. He must also demonstrate immediate threatened injury as a prerequisite to the issuance of a temporary restraining order or preliminary injunctive relief. Los Angeles Memorial Coliseum Comm'n v. National Football League, 634 F.2d 1197, 1201 (9th Cir. 1980).

Thus, in seeking a temporary restraining order, the movant must demonstrate that the denial of relief will expose him to "some significant risk of irreparable injury." Associated Gen. Contractors of California v. Coalition of Economic Equity, 950 F.2d 1401, 1410 (9th Cir. 1991). The threat of injury must be imminent and not merely speculative. Caribbean Marine Services Co. v. Baldridge, 844 F.2d 668, 674-75 (9th Cir. 1988). In addition, where the temporary restraining order is sought against actions by a governmental actor or agency which has allegedly violated the law, then the movant must establish that the threat of injury is both "real and immediate," not just "conjectural" or "hypothetical." City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983).

Here, Vera asks for a temporary restraining order to prevent prison authorities from retaliating against him for filing his "complaint." Specifically he alleges:

> Upon my arrival at Corcoran, the government has been falsifying my records and retaliating, harassing, punishing me due to my appeals. Neither do they grant me access to the law library so I can marshal the facts for this case. I've been deprived to the course of medical procedures, medicines and medical equipment. All my 602's appeals I filed have either been delayed or return unfiled. 42 U.S.C. 12012.
>
> On the date 12/19/12, the corporation they did a statement of express implication [sic], a "threat."
>
> The government plans to take action of retaliation through classification CCR title 15 3315(f)(5)(L)(M), Pen. Code 2657 double jeopardy.
>
> Furthermore, starting the new year, new officers will be working here to make their disguise much easier to hide their retaliatory actions produced in [unintelligible].

(Pet'rs Order to Show Cause and T.R.O., ECF No. 37.)

Vera's allegations are both vague and speculative, and some are simply unintelligible. Moreover, they are unrelated to the claims or arguments set forth in the petition, motion to dismiss, and opposition filed in this case. Thus, Vera has not met his burden of establishing that "immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition." FED. R. CIV. P. 65(b). Accordingly, the Court **RECOMMENDS** Vera's motion for a temporary restraining order be **DENIED**.

F. Motion for Preliminary Injunction

On January 2, 2013, Vera filed an Application for Preliminary Injunction. (ECF No. 35.) In it, he states his motion is "based on the application submitted [December 24], 2012." (Id.) Vera appears to be referring to the Motion for Temporary Restraining Order, which he signed on December 24, 2012. (See id. at 1-3.)

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). The burden of establishing entitlement to equitable relief lies squarely with the Plaintiff. See, e.g., San Diego County Gun Rights Comm. v. Reno, 98 F.3d 1121, 1126 (9th Cir. 1996) ("As the part[y] invoking federal jurisdiction, plaintiff[] bear[s] the burden of establishing [his] standing to sue ... [and if the] plaintiff[] seek[s] declaratory and injunctive relief ..., there is a further requirement that [he] show a very significant possibility of future harm.").

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 129 S. Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction "may only be awarded

upon a clear showing that the plaintiff is entitled to relief." See id. at 376 (quotation omitted).

In addition to this traditional test, the Ninth Circuit has also applied an "alternative standard," whereby injunctive relief may issue when Plaintiff demonstrates "either a combination of probable success on the merits and the possibility of irreparable injury" or that "serious questions are raised and the balance of hardships tips sharply in his favor." Ranchers Cattleman Action Legal Fund United Stockgrowers of Am. v. United States Dept. of Ag., 415 F.3d 1078, 1092 (9th Cir. 2005) (citing Save Our Sonoran, Inc. v. Flowers, 408 F.3d 1113, 1120 (9th Cir. 2005)). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Prudential Real Estate Affiliates v. PPR Realty, Inc., 204 F.3d 867, 874 (9th Cir. 2000).

Under either formulation, however, Vera has not met his burden. For the same reasons Vera is not entitled to a temporary restraining order, he is likewise not entitled to a preliminary injunction. Vera's allegations are vague, speculative, and do not establish irreparable harm or likelihood of success on the merits. Accordingly, the Court **RECOMMENDS** the motion for a preliminary injunction be **DENIED**.

### III. CONCLUSION AND RECOMMENDATION

The Court submits this Report and Recommendation to United States District Judge Larry Alan Burns under 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California. For all the foregoing reasons, **IT IS HEREBY RECOMMENDED** the Motion to Dismiss the Petition be **GRANTED** in part and **DENIED** in part. **IT IS FURTHER RECOMMENDED** the Petitioner's motion to amend findings, motion for a preliminary injunction, and motion for a temporary restraining order be **DENIED**, and for the court issue an Order (1) approving and adopting this Report and Recommendation, (2) directing that judgment be entered granting in part and denying the motion to dismiss the Petition; (3) denying Petitioner's motion to amend findings [ECF No. 22]; (4) denying Petitioner's motion for preliminary injunction [ECF No. 35]; and (5) denying

1  Petitioner's motion for a temporary restraining order [ECF No. 37].

2  **IT IS HEREBY ORDERED** no later than **May 22, 2013**, any party to this action may
3  file written objections with the Court and serve a copy on all parties.  The document should
4  be captioned "Objections to Report and Recommendation."

5  **IT IS FURTHER ORDERED** any Reply to the Objections shall be filed with the Court
6  and served on all parties no later than **June 12, 2013**.  The parties are advised that failure
7  to file objections within the specified time may waive the right to raise those objections on
8  appeal of the Court's Order.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998);
9  Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

11  DATED:  April 29, 2013

13  *[signature]*
   BARBARA L. MAJOR
14  United States Magistrate Judge