# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| GUILLERMO VERA, | CASE NO. 10-CV-1940-LAB-BLM |
|---|---|
| Petitioner, | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| vs. | |
| DARRIL ADAMS, | |
| Respondent. | |

Vera filed a habeas petition on July 9, 2012. Pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(c) and (d), the petition was referred to Magistrate Judge Major for a Report and Recommendation. Now before the Court is Respondent's motion to dismiss. He argues that the petition is, among other things, untimely.

Judge Major issued her R&R on April 29, 2013 agreeing with Respondent, which the Court must now review. "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). *See also* 28 U.S.C. § 636(b). If no objection is made, however, this de novo determination isn't required. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Because Vera is a prisoner and is proceeding pro se, the Court construes his pleadings liberally and affords

him the benefit of any doubt. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). (This is no short order in this case, considering the volume and legibility of Vera's pleadings.) That said, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**I.     Vera's Failure to File an Opposition**

Judge Major's R&R ordered that any objections be filed May 22, 2013. (R&R at 18.) It further warned that "failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's Order." (*Id.*) That is right. And in the typical case, the failure to oppose an R&R is nearly cause for the Court to summarily adopt it. *See, e.g., Kuss v. Wright*, 2013 WL 173000 at *1 (W.D. Wash. Jan. 16, 2013); *Coreno v. Armstrong*, 2011 WL 4571754 at *1 (S.D. Cal. Sept. 30, 2011); *Bury v. Adams*, 2006 WL 1832447 at *1 (E.D. Cal. June 27, 2013).

Here, it's clear Vera at least *intended* to oppose the R&R because he asked for more time to do so, which the Court gave him. The Court received Vera's request on June 6—after the May 22 deadline, it's worth noting, although it was dated May 15—and in an order dated June 13 the Court gave him until July 12 to file an opposition. (Doc. Nos. 49–50.) It also said, "The Court presumes Vera is working on his response even while he awaits the Court's ruling on his motion for more time," the clear message being that the Court intended for July 12 to be a firm deadline and for Vera to file an opposition by that date. He did not.

It appears, however, that Vera still intends to file an opposition to the R&R because *twice* now he has requested even more time. On July 9, the Court received a request dated July 2 in which Vera acknowledged his earlier extension but said his lack of access to the law library and the confiscation of his legal documents, including his own habeas petition, prevented him from filing an opposition. (Doc. No. 52.) He asked for an additional 40 days. Then, on July 22, the Court received essentially the pleading, but dated June 30. (Doc. No. 56.) The Court hasn't ruled on these requests because as far as it is concerned Vera is on notice that he was granted one extension and that the Court can rule on the R&R at any time.

In any event, both of Vera's subsequent requests for more time to oppose the R&R are **DENIED**. The Court granted Vera one extension, pushed his opposition deadline back, and still, nearly four full months after Judge Major's R&R was filed, Vera has not opposed it. The Court is ready to rule on the R&R and will not wait any longer to hear from Vera. Vera's accompanying request for a copy of his habeas petition *and* his opposition to Respondent's motion to dismiss is also **DENIED**. Absent some allegation that his right of access to the courts is being infringed, Vera has no right to have the Clerk's office do his printing and photocopying for him. *See Silva v. Di Vittorio*, 658 F.3d 1090, 1101–02 (9th Cir. 2011); *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1990).

## II. Discussion

While Vera's failure over a four-month period to file an objection to the R&R may entitle the Court to simply adopt it outright, the Court will still run through its admirably thorough analysis.

The big picture here is that Vera's habeas petition challenges a disciplinary proceeding in prison that took place almost *seven years* prior, and almost *a decade* ago by today's date :

> It is not entirely clear what disciplinary proceeding Vera is challenging. He does not clearly identify a disciplinary proceeding he is challenging in his petition, and he has submitted a large number of documents pertaining to different proceedings. The Court agrees with Respondent, however, that Vera appears to be challenging an October 24, 2003 rules violation report for battery on a peace officer. (R&R at 2.)

That obviously means there's a potential (and huge) timeliness problem here, which the R&R lays out very well. At the very latest, AEDPA's one-year statute of limitations began to run on June 8, 2005, when Vera's administrative appeal was screened out. (R&R at 5.) That gave him until June 8, 2006 to file a federal habeas petition, but he took until July 9, 2012. The petition is therefore untimely, unless sufficient statutory or equitable tolling can make up for Vera's delay.

Vera is entitled to neither. The clock started ticking on his federal habeas petition on June 8, 2005, and it didn't stop until he filed his first state habeas petition in Monterey

Superior Court on October 19, 2005, 133 days later.[1] That left Vera with 232 days to file a federal habeas petition.[2] His Superior Court petition was denied on June 21, 2006, and the clock started ticking again the following day, June 22, 2006. But he didn't file his next habeas petition with the Court of Appeal until November 26, 2008, a gap of 888 days and 656 days more than he had remaining. Just as important, Vera isn't entitled to so-called "gap tolling" because a gap of that magnitude is unreasonable by any standard. *Banjo v. Ayers*, 614 F.3d 964, 970 (9th Cir. 2010); *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010). That takes care of statutory tolling, and without even considering, it's worth noting, the time it took Vera to file a habeas petition with the California Supreme Court and ultimately his actual federal habeas petition. In other words, Vera exceeded his time allowance to file a federal habeas petition while pursuing habeas relief in state court.

Vera isn't entitled to equitable tolling, either, unless he can show that he was pursuing his rights diligently and that some extraordinary circumstances stood in his way. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). As the R&R explains, however, Vera doesn't do anything in his petition other than identify the legal standard for equitable tolling and certain cases that have found habeas petitioners to be entitled to it. He doesn't offer any explanation as to why *he* is entitled to it. The Court simply has no basis on which to find equitable tolling here, especially given the sheer magnitude of Vera's delay in filing his federal habeas petition.

The Court agrees with the R&R that Vera's habeas petition is untimely and that he isn't entitled to the statutory or equitable tolling he needs to make it otherwise. Respondent's motion to dismiss the petition as untimely is therefore **GRANTED**.[3]

---

[1] This is the Court's calculation. The R&R calculates the gap as 143 days. (R&R at 6.) This difference is not meaningful in the final analysis.

[2] By the R&R's calculation, 222 days remained. (R&R at 6.)

[3] The R&R recommends granting the motion to dismiss in part and denying it in part, but on the Court's reading it should recommend granting the motion on some bases (timeliness) but not on others (procedural default and exhaustion). The fact that Vera's petition is untimely, in other words, is grounds enough to dismiss the petition *in its entirety.* Indeed, the Court hasn't even considered procedural default and exhaustion because it

**III.    Other Motions**

Vera has also filed a "motion to amend the findings" (Doc. No. 22), a motion for preliminary injunction (Doc. No. 35), and a motion for temporary restraining order (Doc. No. 37), which the R&R considers.

Vera's motion to amend the findings, as the R&R explains, appears to take issue with the Court granting Respondent additional time to file a motion to dismiss. This was well within the Court's discretion, as the R&R says, and in no way prejudiced Vera. The motion is **DENIED**.

Vera's motion for a TRO, to the short extent it is intelligible, appears to complain that prison authorities are retaliating against him for having filed a habeas petition, namely by denying him access to the law library and denying him medical care. As the R&R says, Vera's allegations are both "vague and speculative," seemingly unrelated to the substance of his habeas petition, and don't meet the relevant legal standard for emergency relief. *See* Fed. R. Civ. P. 65(b). The motion is **DENIED**.

Vera's preliminary injunction motion fails for the same reasons as his motion for a temporary restraining order. The allegations on which it is based are vague and speculative, and he simply doesn't meet the legal standard he needs to. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). It is **DENIED**.

//
//
//
//
//
//
//
//

---

doesn't need to.

## IV. CONCLUSION

The Court **ADOPTS** the R&R in its entirety. Respondent's motion to dismiss is **GRANTED**. Vera's motions to amend the findings and for a preliminary injunction and TRO are **DENIED**. Vera's motions for more time to oppose the R&R are **DENIED**. The Court also **DENIES** Vera a certificate of appealability. *See Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000). The Clerk shall close this case.

**IT IS SO ORDERED**.

DATED: September 3, 2013

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

cc: Petitioner/Plaintiff, *Pro Se*