# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO VERA,<br><br>                Petitioner,<br>  vs.<br><br>DARRIL ADAMS,<br><br>                Respondent. | CASE NO. 10-CV-1940-LAB-BLM<br><br>**ORDER ON MOTION TO VACATE** |

On April 29 of this year, Magistrate Judge Major issued an R&R in this case recommending that the Court grant Respondent's motion to dismiss because, among other reasons, Vera's habeas petition was untimely. The Court adopted that R&R on September 3.

Between April 29 and September 3, Vera filed multiple requests for more time to file an opposition to the R&R. The Court granted one of those requests, on June 13, 2013, but didn't rule on subsequent requests. In its June 13 order, however, the Court said it "presumes Vera is working on his response even while he awaits the Court's ruling on his motion for more time," which Vera should have understood as applying to subsequent requests which the Court didn't immediately rule on. In any event, when the Court adopted the R&R on September 13 it noted that Vera had *still* failed to file an opposition:

//
//

- 1 -

| | |
|---|---|
| 1 | It appears, however, that Vera still intends to file an opposition to the R&R because *twice* now he has requested even more time. On July 9, the Court received a request dated July 2 in which Vera acknowledged his earlier extension but said his lack of access to the law library and the confiscation of his legal documents, including his own habeas petition, prevented him from filing an opposition. (Doc. No. 52.) He asked for an additional 40 days. Then, on July 22, the Court received essentially the pleading, but dated June 30. (Doc. No. 56.) The Court hasn't ruled on these requests because as far as it is concerned Vera is on notice that he was granted one extension and that the Court can rule on the R&R at any time. |
| | In any event, both of Vera's subsequent requests for more time to oppose the R&R are **DENIED**. The Court granted Vera one extension, pushed his opposition deadline back, and still, nearly four full months after Judge Major's R&R was filed, Vera has not opposed it. The Court is ready to rule on the R&R and will not wait any longer to hear from Vera. |

Unfortunately for Vera, and the Court, at the very time that the Court was considering and adopting the R&R Vera *did* file an opposition, albeit a very late one. His opposition was received by the Clerk's office on August 30 and forwarded to chambers, but it arrived after the Court had adopted the R&R and was rejected for being late. More recently, Vera has filed multiple motions to vacate the Court's order adopting the R&R, on the ground that he submitted an opposition to the R&R that wasn't considered.

      The Court has now read and considered Vera's opposition to the R&R. While legible, the seven-page opposition is hard to follow, in places unintelligible, and barely responsive to the actual substance of the R&R. Vera seems to want to argue that he is entitled to equitable tolling because he was deliberately moved around the state court system and denied access to legal materials and a law library. There are at least two problems with that argument. First, it's a new argument. As the R&R observed, Vera's objection to the motion to dismiss didn't identify any reasons that he is entitled to equitable tolling. Second, the time gaps in this case are huge. Vera's administrative appeal was screened out on June 8, 2005, giving him until June 8, 2006 to file a federal habeas petition, and he took until July 9, 2012 to file one. Even with the intervening state petitions and corresponding statutory tolling, this length of time simply can't be justified.

//

Having read and made its best attempt to consider Vera's opposition to the R&R, the Court's ruling stands. The R&R is **ADOPTED**, and Respondent's motion to dismiss is **GRANTED**. The Court will continue to deny Vera a certificate of appealability. *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000). Vera may of course ask the Ninth Circuit for a certificate of appealability, however, and if he is granted one he may appeal the Court's ruling. But this case is **CLOSED**, and the Court will not accept any further pleadings from Vera.

**IT IS SO ORDERED**.

DATED: November 27, 2013

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge